SON·VO, Petitioner,

v.

Joseph GREENE, District Director, Immigration and Naturalization Service; Doris Meissner, Commissioner, Immigration and Naturalization Service; and Janet Reno, Attorney General of the United States, Respondents.

No. Civ.A. 00–K–1627.

United States District Court,
D. Colorado.

Aug. 18, 2000.

Jeffrey Dean Joseph, Joseph Law Firm, PC, Denver, CO, for plaintiff.

Michael Hegarty, Asst. United States Attorney, Denver, CO, for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING TEMPORARY RESTRAINING ORDER

KANE, Senior District Judge.

On August 15, 2000, Petitioner Son Dien Vo, a native of Vietnam and lawful permanent resident of the United States, filed a Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief challenging his detention in custody pursuant to the Immigration and Nationalization Act ("INA") § 236(c), 8 U.S.C. § 1226(c) which mandates his detention without bond.

On the same day, Vo filed a Petition for Issuance of Temporary Restraining Order, scheduled for hearing, this date, on August 17, 2000 at 10 a.m. Respondents, Joseph Greene, District Director, United States Immigration and Naturalization Service ("INS"), Doris Meissner, Commissioner, INS, and Janet Reno, Attorney General of the United States, filed their Opposition to Petition for Issuance of Temporary Restraining Order.

### I. BACKGROUND

On August 10, 2000, an immigration judge ruled Vo was an aggravated felon for Bank Fraud, Aiding and Abetting in violation of 18 U.S.C. § 1344 and 18 U.S.C. § 2. Vo asserts the immigration judge, without hearing testimony or considering evidence provided in support of a finding that Vo merits a bond redetermination, determined he had jurisdiction to address bond, but that Vo was statutorily ineligible for bond as an aggravated felon. It is not at all clear that Vo is an aggravated felon

within the meaning of the statute, but that determination requires evidence which obviously requires an evidentiary hearing.

Vo, through counsel, objected (1) the immigration judge had no jurisdiction under the statute to consider bond for aggravated felons; and (2) even if he had jurisdiction to consider bond, aggravated felons are statutorily entitled to bond. Vo states, despite the exercise of jurisdiction and finding by the immigration judge that Vo was not entitled to bond, he is in fact being held in custody pursuant to INA § 236(c), 8 U.S.C. § 1226(c) which mandates the detention of an aggravated felon without bond. Section 236(c)(1) authorizes the Attorney General to take into custody any alien who has committed certain enumerated crimes "when the alien is released" from criminal custody. INA § 236(c)(1).[1] Although enacted on September 30, 1996, this provision became effective after the Transitional Period Custody Rules expired on October 9, 1998, at which point § 236(c) applied to all criminal aliens "released after" that date. Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") § 303(b)(2).

## II. JURISDICTION AND EXHAUSTION OF REMEDIES.

■ Vo argues § 236(c) violates substantive and procedural due process and is unconstitutional. He maintains he has exhausted his administrative remedies in that the Board of Immigration Appeals (BIA) has already ruled on the permissibility of mandatory detention and concluded that the mandatory detention rules of INA

§ 236(c) will not be overturned. Thus, although petitioners must normally exhaust administrative remedies before filing a petition for habeas corpus, where the administrative forum would provide no real opportunity to present constitutional issues requiring exhaustion "makes little sense." *Xiao v. Barr*, 979 F.2d 151, 154 (9th Cir.1992). VO states there is no point in appealing to the BIA. I agree.

Respondents argue the petition for habeas corpus should be dismissed because Vo has not exhausted the following administrative remedies under 8 C.F.R. §§ 3.19 and 236.1 (1999), (1) permitting him to challenge custody under § 236(c) of the INA by making written or oral request for bond to the INS director; (2) allowing him to seek a redetermination from the immigration judge in order to dispute his inclusion within the category of aliens covered by § 236(c)'s detention requirements and (3) allowing an alien who disputes his inclusion within § 236(c) to appeal any adverse decision by an immigration judge to the BIA. They assert exhaustion is not futile and may eliminate the need for litigation altogether, protecting administrative agency authority and promoting judicial efficiency. Respondents maintain the BIA has jurisdiction and must be given the opportunity to interpret § 236(c).

It is clear that Vo has not exhausted administrative remedies but to do so would be futile.

## III. MERITS.

To obtain a temporary restraining order, Vo must show, *inter alia*, a reasonable probability of success on the merits. In

---

1. INA § 236(c) providing for detention of criminal aliens pertinently provides:
   The Attorney General shall take into custody any alien who—
   (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
   (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
   (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an

offense for which the alien has been sentence to a term of imprisonment of at least 1 year, or

   (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,
   when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.
   8 U.S.C. § 1226(c).

support of his contention that mandatory detention under § 236(c) is unconstitutional, Vo cites *Martinez v. Greene,* 28 F.Supp.2d 1275 (D.Colo.1998), which held § 236(c) suffered from the same constitutional defects as earlier mandatory immigration detention statutes and was thus violative of due process under the Constitution. In opposition, Respondents cite the Seventh Circuit decision in *Parra v. Perryman,* 172 F.3d 954, 958 (7th Cir. 1999), which held § 236(c) does not violate substantive or procedural due process and remarked, without discussion, that Judge Babcock's decision in *Martinez v. Greene* was unpersuasive. *Parra* is the only federal court of appeals decision addressing the constitutionality of § 236(c). By its articulation of facts opining that the Petitioner–Appellant Parra can return to his native Land, *Parra* is inapposite to the case at bar where Vo cannot return to Vietnam. *See Ho v. Greene,* 204 F.3d 1045 (10th Cir.2000). Moreover, for reasons which the exigencies of this extraordinary proceeding do not permit explicating, I find *Parra* unpersuasive.

Five judges of this district have made rulings on the constitutionality of § 236(c). Judge Babcock in *Martinez v. Greene,* 28 F.Supp.2d 1275 (D.Colo.1998) held "mandatory detention" is unconstitutional. Thereafter, the Seventh Circuit issued *Parra,* finding the statute constitutional. There followed brief bench decisions by Judge Matsch in *Baca v. Greene,* No. 99–M–1781 (September 14, 1999), Judge Nottingham in *Gutierrez–Sanchez v. INS,* No. 99–N–2195 (November 30, 2000), and Judge Sparr in *Her v. Greene,* No. OO–S–239 (February 11, 2000), relying on *Parra,* and upholding the constitutionality of § 236(c). Finally Judge Miller ruled from the bench in *Kruger v. Greene,* No. 00–WM–444 (May 17, 2000), finding § 236(c) unconstitutional (agreeing with Judge Bab-

cock in *Martinez,* rejecting *Parra* ) and granting a temporary restraining order requesting a bond hearing.[2]

In his well reasoned decision, Judge Babcock held:

> The Fifth Amendment unquestionably entitles aliens to due process of law in deportation proceedings. *Reno v. Flores,* 507 U.S. 292, 306, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993). The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Mathews v. Eldridge,* 424 U.S. 319, 334, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) quoting *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

*Martinez,* 28 F.Supp.2d at 1282. Judge Babcock went on to find:

> Section 236(c) fails to provide any type of bond hearing to an alien detained pending determination of his or her deportation status. Instead, the statute requires the Attorney General to detain all persons in deportation proceedings charged with being "aggravated felons" until there is a final determination of their deportability. Further, the statute provides no time limitations within which the deportability determination must be made. Due process requires more. I hold that due process requires an individualized consideration of whether each alien detained pursuant to § 236(c)(1) presents a flight risk and a threat to the community's safety.

*Id.* at 1283.

 ▮  Moreover, due process requires that a person "charged" with being an aggravated felon be afforded the opportu-

---

**2.** It is important to distinguish this case from the Tenth Circuit decision in *Ho v. Greene,* 204 F.3d 1045 (10th Cir. Feb. 29, 2000) which was an indefinite detention case where aliens who already had a final order of removal against them were held indefinitely because the country of removal would not accept them. The statute at issue here addressed the issue of release before a final order of removal whereas in *Ho,* the Tenth Circuit construed a different statute concerning release after a final order of removal.

nity to present evidence establishing that he is not what he is merely "charged" to be. I find Vo is presently deprived of his liberty without due process of law and thus is suffering irreparable injury. I find the interests of Vo in being afforded due process of law, a fair opportunity to be heard and to seek relief clearly outweigh the interests of Respondents in denying him that hearing. I find the public interest is best served by observing zealous regard for fair consideration of liberty interests and that Vo has a reasonable chance of success on the merits. I grant the temporary restraining order, enjoin Respondents from applying INA § 236(c) to Vo, and order Respondents forthwith to conduct a custody determination hearing, or, alternatively, set a reasonable bond. Respondents shall file a transcript of the hearings provided pursuant to this order or a verified statement showing that a reasonable bond has been set in lieu of hearings.